UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KELLY PICKENS, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| ) | 2:17-cv-00156-RWS |
| v. ) | |
| ) | |
| MARC LOFTON, individually, ) | |
| STATHAM POLICE CHIEF ) | |
| ALLAN JOHNSTON, individually ) | |
| and in his official capacity, and ) | |
| THE CITY OF STATHAM, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT ALLAN
JOHNSTON'S MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS**

**I.    INTRODUCTION**

Plaintiff has sued Defendant Statham Police Chief Allan Johnston ("Chief Johnston"), individually and in his official capacity, for his role in Plaintiff's arrest and prosecution made without probable cause for driving under the influence of commonly prescribed medications that enhanced, rather than impeded, Plaintiff's driving ability. Chief Johnston has moved to dismiss Plaintiff's claims against him in his official capacity arguing that such claims are the functional equivalent of existing claims against the City of Statham and that such functionally equivalent claims might confuse the jury. *See* Doc. 9. Notably,

Defendant Chief Johnston has not argued that Plaintiff has failed to properly allege official capacity claims against him—only that such claims are redundant with the claims against the municipality. *See id.* For the reasons set forth below, Defendant Chief Johnston's motion to dismiss his official capacity claims should be denied.

## II. ARGUMENT

A. <u>Even to the extent Plaintiff's official capacity claims against Chief Johnston are fully identical to her claims against the City of Statham, no jury confusion or other prejudice would result from allowing litigation to proceed as to both Defendants.</u>

Plaintiff acknowledges (as she must) that her claims against Chief Johnston in his official capacity overlap significantly with her claims against the City of Statham. *See, e.g.*, *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("[S]uits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent . . . ."). And Plaintiff further acknowledges that she would be able to obtain the full measure of relief sought from the City of Statham were it found liable that she could from Chief Johnston in his official capacity were he found liable. *See id.* ("[T]here no longer exists a *need* to bring official-capacity actions against local government officials, because local government units can be sued directly . . . .") (emphasis added). However, at this early stage of litigation where the threat of jury confusion is remote, and

because Plaintiff's prerogative to plead in the alternative is well established, Plaintiff submits that Chief Johnston's requested relief is inappropriate at this time.

Defendant Chief Johnston moved to dismiss the claims against him in his official capacity "to prevent redundancy and the confusion of issues at trial." Doc. 9, at 3. Of course, there is no possibility of jury confusion until this case is presented to a jury. Similarly, any issues of potential redundancy during the discovery period can be readily ameliorated by agreement between counsel— especially where, as here, Chief Johnston and the City of Statham are represented by the same counsel. For example, Plaintiff would be amenable to serving discovery requests jointly to Chief Johnston in his official capacity and the City of Statham. *Busby*, the Eleventh Circuit case upon which Defendant Chief Johnston relies, arose in the context of a directed verdict, and thus does not squarely address the issue presented in Chief Johnston's brief.

Plaintiff submits that there are circumstances that might arise where it would make sense, as a matter of tactics and preference, to proceed to trial against Chief Johnston in his official capacity rather than against the City of Statham were she made to elect one Defendant or the other to proceed against at trial. It is Plaintiff's prerogative to plead theories of recovery in the alternative, even where such theories are mutually exclusive, as opposed to the merely

overlapping theories presented here. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). Plaintiff submits that decision making regarding which of two viable defendants to proceed against should not be forced upon her without the benefit of discovery where Defendant Chief Johnston has not contested that Plaintiff has failed to state a viable claim against him in his official capacity.

### III.   CONCLUSION

For the above reasons, Plaintiff respectfully requests that Defendant Chief Johnston's motion to dismiss the official capacity claims against him be denied or deferred until after she has been allowed to conduct discovery.

Respectfully submitted this 2nd day of October, 2017.

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002

MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

-5-

## CERTIFICATION OF ELECTRONIC FILING

The undersigned hereby certifies the filing of this Plaintiff's Brief In Opposition To Defendant Allan Johnston's Motion To Dismiss Official Capacity Claims upon the parties and all counsel by the Court's Electronic Filing System. This 2nd day of October, 2017.

*/s/Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002